**Guy DUNBAR, Petitioner,**

v.

**Jim H. ROSE, etc., Respondent.**

**No. CIV–2–75–74.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 10, 1975.

Guy Dunbar, pro se.

Tom P. Jennings, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an application for the federal writ of habeas corpus by Mr. Guy Dunbar, in custody of the respondent pursuant to the judgment of April 10, 1972 of the Criminal Court of Hamblen County, Tennessee in *State of Tennessee v. Guy Dunbar.* He claims that he is in such custody in violation of the Constitution, Fourteenth Amendment, Due Process Clause, in that his plea of guilty to the indictment in such action was involuntary and made at a time when he lacked the mental capacity to enter such a plea. 28 U.S.C. § 2254(a). He has exhausted his available state remedies as to the question presented here, *Guy Dunbar, plaintiff in error,* v. *James H. Rose, Warden, Et Al.,* defendants in error, no. 57 (Hamblen County), in the Court of Criminal Appeals of Tennessee, opinion filed September 11, 1974, petition for certiorari denied by Tennessee Supreme Court, decree filed January 20, 1975. 28 U.S.C. § 2254(b).

A guilty plea which is deprived of its voluntary character is void, and a conviction based upon such a plea is open to collateral attack. *Machibroda v. United States* (1962), 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478 (headnote 2), relating to a guilty plea induced by promises, cited in *Garner v. United States,* D.C.Tenn. (1968), 296 F.Supp. 491, 494. It appears from the foregoing opinion of the Court of Criminal Appeals of Tennessee that a determination was made on the merits of the factual issues by a state court of competent jurisdiction after a hearing, in a proceeding to which the applicant and the respondent herein were parties. 28 U.S.C. § 2254(d). No written finding, written opinion, or other reliable and adequate written indicia of such determination by a state hearing judge has yet been filed herein. Neither has the record, or pertinent portions thereof, in which such factual determination was made been produced herein. 28 U.S.C. § 2254(d)(8).

The applicant asserts that he is unable to furnish such records because of his indigency.* As the Attorney General of Tennessee appears to be the appropriate official of the state of Tennessee to be ordered to produce such record, or parts thereof, as are pertinent to a determination of the sufficiency of the evidence in the aforementioned state court hearing, the state of Tennessee hereby is DIRECTED to produce same, and the Attorney General of Tennessee hereby is ORDERED to do so forthwith and in no event more than 40 days herefrom. 28 U.S.C. § 2254(e); Rule 81(a)(2), Federal Rules of Civil Procedure.

---

* Although the applicant has not challenged specifically the sufficiency of the evidence adduced in the aforementioned state court hearing to support the Tennessee hearing court's determination of the factual issues involved herein, his statement of indigency and his resulting inability to produce such record will be deemed in this instance as such a challenge.